**Cedric PARTEE, Plaintiff–Appellant,**

v.

**Dental Director Lester N. WRIGHT, William J. Connolly, Dentist Mary D'Silva, Defendants–Appellees.**

**No. 07–3700–pr.**

United States Court of Appeals, Second Circuit.

June 5, 2009.

David Lawrence III, Assistant Solicitor General, State of New York, New York, NY, for Appellees.

Elizabeth Harris, K & L Gates LLP, New York, NY (Douglas Border, on the brief), for Appellant.

Present: JON O. NEWMAN, ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Cedric Partee, a New York prison inmate, appeals from a judgment of the district court dismissing his civil rights complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Assuming that Partee's failure to exhaust his administrative remedies was excused, the district court correctly held that Partee failed to allege facts sufficient to make out the deliberate indifference prong of an Eighth Amendment claim based on deprivation of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Nothing Partee alleged indicates that defendant Dr. Mary D'Silva was aware that serious harm could result from her treatment plan, which was to remove additional teeth, take impressions, and supply Partee with dentures. Rather, Partee alleged that D'Silva explained that she wanted to take this course because she thought Partee had insufficient bone mass to proceed without the extractions. Thus, even if, as Partee alleges, D'Silva never examined him, Partee's claim is, at best, one for negligence or malpractice, which is insufficient to attach liability to any of the remaining defendants.

Therefore, we affirm the judgment of the district court.